

Janice Goldberg
**Partner**
Phone: 212.592.6192
Fax: 212.545.3414
jgoldberg@herrick.com

July 10, 2023

VIA ECF AND EMAIL

Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:   *Wythe Berry Fee Owner LLC v. Wythe Berry LLC et al.*, Case No. 22-11340 (mg); Adv. Proc. 23-01012 (mg): Discovery Conference Request

Dear Chief Judge Glenn:

      This firm represents Debtor/Plaintiff Wythe Berry Fee Owner LLC. Pursuant to Local Rule 7007-1(b) and Chambers' Rules, we write to request a conference concerning *pro se* defendant Yoel Goldman's non-compliance with discovery served on him by Debtor at the Court's earliest convenience.

      Discovery is proceeding pursuant to an Adversary Proceeding Case Management and Scheduling Order [ECF No. 14] (the "Scheduling Order"). (Mr. Goldman was given notice of and an opportunity to participate in contributing to this schedule, but did not participate). The Scheduling Order provides for expedited discovery in this adversary proceeding, with all discovery completed by July 21, 2023, and summary judgment motions filed by August 2, 2023.

      As relevant to this conference request, on June 16, 2023, Debtor served on Mr. Goldman a First Request for Production of Documents to Defendant Yoel Goldman and Notice of Deposition of Defendant Yoel Goldman. Debtor served these documents via US mail, with a courtesy copy via email. In accordance with the expedited timeline contained in the Scheduling Order, responses to Debtor's document requests were due by June 30, 2023, and Mr. Goldman's deposition was noticed for July 18, 2023.

      Having not heard from Mr. Goldman, on June 29, 2023, counsel to the Debtor sent Mr. Goldman an email reminding him of the June 30th deadline, and offering to speak concerning his production. Mr Goldman still did not respond. On July 6, 2023, counsel to the Debtor sent Mr. Goldman yet another email, advising that due to Mr. Goldman's non-compliance with discovery, Debtor planned to submit a letter to the Court by close of business on July 7, 2023, requesting a conference concerning his non-compliance and appropriate relief. Pursuant to Local Rule 7007-1, counsel to the Debtor requested that Mr. Goldman meet and confer in advance of the submission of such letter in an attempt to resolve this matter.



July 10, 2023
Page 2

    Mr. Goldman did not respond to this email. Rather, Elliot Moskowitz, an attorney at Davis Polk & Wardwell LLP (who does not represent Mr. Goldman in this adversary proceeding, but who represents Mr. Goldman in Debtor's chapter 11 proceeding) responded that day, noting he was in Europe until July 11, 2023, and asking until July 14, 2023 to permit him to confer with Mr. Goldman concerning Debtor's discovery demands. Mr. Moskowitz confirmed that "I don't represent Mr. Goldman in the state court action (and the transfer to bankruptcy court does not change that)," but noted he may extend his representation of Mr. Goldman "to cover this action as well."

    Counsel to the Debtor responded that day, and advised that due to the current Scheduling Order discovery must proceed. However, given that Debtor has agreed with Wythe Berry LLC's and Zelig Weiss' (collectively the "Weiss Defendants") counsel that they can produce their responsive discovery on July 12th, the undersigned offered that if Mr. Moskowitz could agree that Mr. Goldman will provide whatever discovery he has by that date and confirm his noticed deposition, then Debtor would not seek a conference with the Court at this time. Neither Mr. Goldman nor Mr. Moskowitz responded to this email.

    Accordingly, in light of the impending discovery deadlines and Debtor's good faith effort to resolve this dispute with both Mr. Goldman and Mr. Moskowitz, without response, Debtor requests a conference with the Court. Among other things, the discovery sought from Mr. Goldman is necessary to enable Debtor to investigate the affirmative defenses and counterclaims asserted by the Weiss Defendants arising out of an alleged modification of the terms of the lease based on the historical course of conduct between Mr. Goldman and Mr. Weiss, of which current management has no firsthand knowledge or information.

                                Respectfully submitted,

                                  */s/ Janice Goldberg*

                                Janice Goldberg

cc:    *Pro se* Defendant Yoel Goldman (via US mail and email)
       Elliot Moskowitz (via email)
       Jon Schuyler Brooks, Nicholas Bassett, Will C. Farmer, counsel for Defendants Zelig Weiss and Wythe Berry LLC (via ECF and email)